POWERS, KIRN & ASSOCIATES, LLC
By:   Jill Manuel-Coughlin, Esquire ID# 63252
       niny Interplex, Suite 215
Trevose, PA 19053
Telephone: 215-942-2090
Attorney for Movant/ 18-0308

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| IN RE: <br> Benedetto Pavone <br> Nicole R. Pavone <br>                                   Debtors | | Chapter 13 Proceeding <br><br> 18-10261 JKF |
| WELLS FARGO BANK, N.A. <br>                                   Movant <br> v. <br> Benedetto Pavone <br> Nicole R. Pavone <br> and William C. Miller, Esquire    Respondents | | |

**STIPULATION IN SETTLEMENT OF
MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

WHEREAS, the parties hereto, and their respective counsel, have agreed as to the disposition of the Motion for Relief from the Automatic Stay filed by Jill Manuel-Coughlin, Esquire on behalf of secured creditor, WELLS FARGO BANK, N.A. ("Movant").

NOW, THEREFORE, intending to be legally bound, the parties hereto, herewith stipulate as follows:

1. The Automatic Stay as provided by Section 362 of the Bankruptcy Code shall remain in full force and effect conditioned upon the terms and conditions set forth herein.

2. This Stipulation pertains to the property located at 4013 Dayton Road, Drexel Hill, PA 19026, mortgage account ending with 2733.

3. Upon approval by the United States Bankruptcy Court of the within Stipulation, Debtors and Movant, agree to the following:

    (a) Parties acknowledge that the current regular post-petition payment is **$1,433.77**.

    (b) Parties acknowledge that the following amounts are currently due post-petition:

    | | |
    |---|---|
    | Monthly Payments: 8/1/2018 – 10/1/2018 @ $1,433.77 | $4,301.31 |
    | Less Debtor Suspense: | ($0.00) |
    | **Total Post-Petition Arrearage:** | **$4,301.31** |

    (c) Commencing with the 11/1/2018 payment the Debtors shall resume and shall continue to make all regular monthly post-petition payments when they are due in accordance with the terms of the Note & Mortgage.

    (d) Debtors agree to amend the Chapter 13 Plan to include the aforementioned post-petition delinquency in the amount of **$4,301.31**, representing all arrearages due though 10/31/2018. Debtors agree to amend the Chapter 13 Plan within thirty (30) days of the filing of this Stipulation, or pay the full amount of **$4,301.31 due**, within thirty (30) days of the filing of this Stipulation.  The parties agree that Movant may file a Notice of Post-Petition Fees, Charges and Expenses as a supplement to the filed Proof of claim in the amount only for **$4,302.31**, and that same shall be deemed allowed upon entry of the Order approving this Stipulation.

(e) If sufficient proof is provided (front and back copies of checks or money orders) of payments made, but not credited, the account will be adjusted accordingly.

(f) If mailed, all post-petition payments from Debtors to Movant shall be sent to Wells Fargo Home Mortgage, PO Box 14507 Des Moines, IA 50306. Debtors may also pay post-petition payments to Movant by telephone or electronic transfer.

(g) The provisions of the Stipulation do not constitute a waiver by Movant of its right to seek reimbursement of any amounts not included in this Stipulation, including future fees and costs, that may become due under the terms of the Note and Mortgage, and applicable law, by filing one or more Notices of Post-Petition Fees, Charges, and Expenses pursuant to FED. R. Bankr. P. 3002(c). Nor do the provisions of the Stipulation constitute a waiver by the Debtors, of their right to file (an) objection(s) to any such Notices of Post-Petition Fees, Charges, and Expenses pursuant to FED. R. Bankr. P. 3002(e). Notwithstanding this, the Debtors waive their rights to object to the single Post-Petiton Fee Notice to be filed in accordance with paragraph (d) above in the amount of $4,301.31. Also, all fees and costs due to Movant as allowed by the Court, or to which the Debtors fail to file a timely objection, shall be paid prior to the entry of a Discharge Order, before the Court may determine that the Debtors have effectuated a final cure pursuant to FED. R. Bankr. P. 3002.1(f) through

(h) The Debtors shall timely tender all payments and comply with all conditions in accordance with this Stipulation. If such payments or conditions are not timely made, or if the case should convert to a Chapter 7 Bankruptcy, Movant may provide the Debtors and their counsel with fifteen (15) days written notice of default. If such written notice is provided and the default is not cured within the fifteen (15) day period, Movant may certify the default to this Court and an Order shall be entered granting Movant relief from the automatic stay without further notice and hearing and waiving FED. R. Bankr. P. 3002.1 and waiving Rule 4001 (a)(3) so that the Relief Order is immediately effective and enforceable. Unless the automatic stay is later reinstated, FED R. Bankr. P. 3002.1(f) through (h) is also waived.

(i) The parties agree that a facsimile may be submitted to the Court as if it were an original.

STIPULATED AND AGREED TO BY:

_____          _____
Roger V. Ashodian, Esquire                           Jill Manuel-Coughlin, Esquire
Attorney for Debtors                                 Attorney for Movant
Date:                                                Date:

_____
William C. Miller, Esquire
Trustee
Date:

On this 25th day of ____October____, 2018, approved by the Court.

Movan't esigntaure filed separately.

_____
United States Bankruptcy Judge
Jean K. FitzSimon