IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | Chapter 13 |
| | : | |
| BENEDETTO PAVONE and | : | Case No. 18-10261 (JKF) |
| NICOLE R. PAVONE, | : | |
| | : | |
| Debtors | : | |

**OBJECTION OF FRANKLIN MINT FEDERAL CREDIT UNION
TO CONFIRMATION OF THE FIRST AMENDED CHAPTER 13 PLAN**

TO:   THE HONORABLE JEAN K. FITZSIMON,
UNITED STATES BANKRUPTCY JUDGE:

Franklin Mint Federal Credit Union ("FMFCU"), by and through its undersigned counsel, hereby objects to confirmation of the Chapter 13 Plan dated September 24, 2019 (the "Plan") proposed by Benedetto Pavone ("Mr. Pavone") and Nicole R. Pavone ("Mrs. Pavone" and, together with Mr. Pavone, the "Debtors"), and in support thereof represents as follows:

**BACKGROUND**

1.    On or about November 9, 2007, Franklin Mint Federal Credit Union ("FMFCU") made certain loans, advances, and extensions of credit to Mrs. Pavone in the amount of $10,000 (the "Loan") pursuant to the terms of that certain Credit Line Account Variable Interest Rate Home Equity Secured Open-End Credit Agreement and Truth-in-Lending Disclosure dated November 9, 2007 (the "Agreement").

2.    In consideration for the Loan, Mrs. Pavone executed and delivered to FMFCU a Mortgage dated November 9, 2007 (the "Mortgage") encumbering certain real property owned by Mrs. Pavone and located at 4013 E. Dayton Road, Drexel Hill, PA 19026 (the "Property").

3.  The Mortgage was recorded on November 15, 2007 in the Office of the Recorder of Deeds for Delaware County in Book 4244, Page 1710 and is a first priority lien on the Property.

4.  On January 16, 2018 (the "Petition Date"), the Debtors filed a voluntary petition pursuant to Chapter 13 of Title 11 of the United States Code (the "Bankruptcy Code").

5.  As of the Petition Date, FMFCU held a claim secured by a lien on the Property in an amount no less than $9,719.03 (the "Claim").[1]

6.  The Plan does not provide that Mrs. Pavone shall make regular payments to FMFCU outside of the Plan, in violation of the terms of the Loan Agreement. See Plan, § 4(a).

7.  Instead, the Plan provides that FMFCU shall be entitled to an allowed secured claim in the amount of $0.00 with a "present value interest" totaling $0.00. Id. at § 4(c)(5).

8.  On August 26, 2019, the Debtors filed a complaint to determine the validity and value of security, and objection to proof of claim no. 11 (the "Complaint").

9.  The Debtors have granted an extension of time to FMFCU to file an answer or otherwise plead to the Complaint through and including November 12, 2019 while the parties attempt to reach a consensual resolution.

10. Until the adversary proceeding has been resolved, FMFCU must preserve and protect its interest in the Property.

11. For the following reasons, FMFCU objects to confirmation of the Plan pursuant to Section 1324(a) of the Bankruptcy Code.

---

[1] FMFCU filed a Claim evidencing the amounts due and owing under the Mortgage with the Bankruptcy Court on March 27, 2018 at Claim No. 11.

**THE RELIEF REQUESTED AND THE REASONS THEREFOR**

12. The Bankruptcy Code provides that a Chapter 13 plan shall be confirmed if it "complies with the provisions of this chapter and with the other applicable provisions of this title." 11 U.S.C. § 1325(a)(1).

13. Section 1325 of the Bankruptcy Code provides that the Court shall confirm a plan if "the value, as of the effective date of the plan, of property to be distributed under the plan on account of such claim is not less than the allowed amount of such claim." 11 U.S.C. § 1325(a)(5)(B)(ii).

14. FMFCU has a secured lien on the Property by way of its properly recorded Mortgage.

15. FMFCU is therefore entitled to continued payments under the terms of the Loan Agreement.

16. In spite of the foregoing, the Plan appears to provide that FMFCU shall be repaid nothing, whether through or outside of the Plan, and the lien of the Mortgage will be stripped off and the Claim will not be paid in violation of 11 U.S.C. § 1325(a)(5)(B)(ii).

17. FMFCU expressly reserves the right to raise further objections to confirmation of the Plan, whether at the hearing on confirmation of the Plan, or if an amended plan is proposed by the Debtors.

18. Because the Plan fails to comply with Section 1325(a)(5)(B)(ii) of the Bankruptcy Code, confirmation must be denied. See 11 U.S.C. § 1325(a)(1).

**CONCLUSION**

19. For the foregoing reasons, confirmation of the Plan should be denied.

WHEREFORE, Franklin Mint Federal Credit Union respectfully requests the entry of an order denying confirmation of the Plan for the foregoing reasons, together with such other and further relief as is just and proper.

        Respectfully submitted:

        KLEHR | HARRISON | HARVEY| BRANZBURG LLP

By:   */s/Corinne Samler Brennan*
        Corinne Samler Brennan, Esquire
        1835 Market Street, Suite 1400
        Philadelphia, PA 19103
        Telephone: (215) 569-3393

        *Counsel to Franklin Mint Federal Credit Union*

Dated: November 6, 2019